UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FERNANDO MENDEZ LEMUS,

      Petitioner,

    v.

WARDEN,

      Respondent.

CAUSE NO. 3:26cv47 DRL-SJF

<u>OPINION AND ORDER</u>

Immigration detainee Fernando Mendez Lemus a/k/a Rocael Salazar Carpio filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden answered the petition, and Mr. Mendez Lemus filed a reply. The petition is ready to be decided.

Mr. Mendez Lemus alleges that he was being improperly detained by United States Immigration and Customs Enforcement (ICE) under 8 U.S.C. § 1226(c), a statute that requires mandatory detention of noncitizens with certain criminal charges or convictions while their removal proceedings are pending. He also alleges he had a filed an application for a T visa, a visa available to certain victims of human trafficking, which, if granted, would provide him relief from being removed from the United States. *See* 8 U.S.C. § 1101(a)(15)(T).

In response, the Warden (through federal counsel) provided Mr. Mendez Lemus' immigration history, which establishes that he is not being held under § 1226(c). Rather, he is being held under 8 U.S.C. § 1231(a), pursuant to a reinstated removal order. According to

Mr. Mendez Lemus' immigration records, he was ordered removed to Guatemala in absentia on January 23, 2006 [10-2]. On November 4, 2013, he was removed to Guatemala. Mr. Mendez Lemus later re-entered the United States at an unknown time and place without admission or parole.

On March 25, 2023, ICE Enforcement and Removal Operations (ERO) encountered Mr. Mendez Lemus while he was detained at a New Jersey jail. He entered ICE custody on January 13, 2025, when he completed a criminal sentence.

Mr. Mendez Lemus filed for withholding or deferral of removal under the Convention Against Torture based on a fear of returning to Guatemala, and he was placed in withholding-only proceedings. *See* 8 C.F.R. § 208.31. An immigration judge denied relief on September 19, 2025. Mr. Mendez Lemus appealed the decision to the Board of Immigration Appeals (BIA), and the appeal remains pending. The Warden represents that ICE ERO will not attempt to remove Mr. Mendez Lemus until the BIA decides the appeal.

In reply, Mr. Mendez Lemus argues his removal order was improperly reinstated because he was not given written notice of the reinstatement and he was not advised that he could make a statement contesting the determination. Because the reinstatement of his removal order is defective in his view, his detention is not authorized under § 1231(a), and he is entitled to a bond hearing before an immigration judge. He also argues that because the Warden did not provide a copy of the reinstatement decision with his answer to the petition, there is no basis for his detention. Finally, he argues that his detention, which is now approaching a year and a half, violates due process.

Alternatively, Mr. Mendez Lemus argues that even if his detention is under § 1231(a), it has become unreasonable because his removal is not significantly likely in the reasonably foreseeable future. He asserts that his detention may be prolonged even beyond the time it takes for the BIA to decide his appeal because if the BIA affirms the denial of his applications for relief, he will seek judicial review, which may extend the process for more than a year. He argues, therefore, that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

Because Mr. Medez Lemus is subject to a reinstated order of removal, his detention falls under 8 U.S.C. § 1231(a). *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal."). The court does not have jurisdiction to review the merits of the reinstatement order; the Immigration and Nationality Act (INA) funnels review of challenges to a reinstatement order to the circuit court as part of a petition for review of a removal order. *See* 8 U.S.C. § 1252(a); *Villa v. Barr*, 924 F.3d 370, 373 (7th Cir. 2019) (noting circuit court had jurisdiction to review reinstatement order, but review "extends only to whether the reinstatement order was properly entered").

Nor does this court have jurisdiction to delay his removal on the basis of his T visa application. The court cannot grant him habeas relief based on the prospect of applications that, if granted, would prevent his removal. *See E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (concluding courts lacks jurisdiction under 8 U.S.C. § 1252(g) to interfere with the execution of a removal order while noncitizen pursues administrative relief from removal

order). This court's jurisdiction in habeas is limited to the lawfulness of detention, and jurisdiction to review detention under § 1231(a) is secure. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.).

The underlying statute, 8 U.S.C. § 1231(a)(6), authorizes continued detention of certain categories of noncitizens, and no one contests Mr. Mendez Lemus is one of those noncitizens whose continued detention is authorized. The statute, however, does not authorize indefinite detention. Rather, the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001); *see also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022) (same). Thus, to obtain release under § 1231(a)(6), a noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which point the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Every circuit court that has considered the issue of detention after a reinstated removal order has concluded the relevant issue is not the potential length of withholding-only proceedings, but rather whether removal can be carried out once the proceedings terminate. *See Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (concluding noncitizen's two-year detention during withholding-only proceedings did not violate *Zadvydas*, though the review proceedings were still ongoing, because if the noncitizen "does not prevail in his pending actions before this court and the BIA, nothing should impede the government from removing him to El Salvador[,]" but if he prevailed, he could then refile a § 2241 petition); *see also G.P. v. Garland*, 103 F.4th 898, 902 (1st Cir. 2024) (same); *Castaneda v. Perry*, 95 F.4th

4

750, 758-59 (4th Cir. 2024) (same). The Supreme Court took issue in *Zadvydas* with potentially *indefinite* detention if the noncitizen could not be removed, in contrast to other immigration detention that had a definite endpoint, even the exact date of that endpoint is unknown. *See Demore v. Kim*, 538 U.S. 510, 529 (2003) (contrasting the potentially indefinite detention under § 1231(a) discussed in *Zadvydas*, with 8 U.S.C. § 1226(c), requiring mandatory detention during removal proceedings for certain noncitizens, because detention pending a determination of removability "ha[s] a definite termination point").

Under this standard, Mr. Mendus Lemus' detention does not run afoul of the limits detailed in *Zadvydas*. His detention is not indefinite. He presents no reason to believe he cannot be removed to Guatemala once his immigration proceedings conclude (except, perhaps, speculation that he might prevail on his withholding claim before the BIA or the circuit court). At this stage, though, his detention has a definite endpoint—the conclusion of his withholding-only proceedings.

Finally, Mr. Mendez Lemus' due process argument is unavailing. In the § 1231(a) context, courts apply the *Zadvydas* standard to determine whether a detention is consistent with due process. *See Castaneda*, 95 F.4th at 760 ("the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation"); *Martine*, 968 F.3d at 566 (same). Because Mr. Mendez Lemus has not shown he is entitled to relief under *Zadvydas*, he has not shown a due process violation.

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

June 12, 2026                          s/ Damon R. Leichty
                                       Judge, United States District Court